UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORLD GLOBAL FINANCING INC. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| SHOWROOM AUTO SALES, INC., and | § | |
| JANN WILEY | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Plaintiff World Global Financing Inc. ("Plaintiff") and files this Original Complaint against Showroom Auto Sales, Inc. ("Showroom Auto"), and Jann Wiley ("Wiley") (collectively "Defendants") and for its causes of action would show the Court as follows:

## I.
## PARTIES

1. Plaintiff, World Global Financing Inc., is a Florida corporation.

2. Defendant, Showroom Auto Sales, Inc., is a Texas corporation. This Defendant may be served with process by serving its registered agent, Jann Wiley, 181 W. Dyna Drive, Houston, Texas 77037 or wherever she may be found. Service of said Defendant as described above may be affected by personal delivery.

3. Defendant, Jann Wiley, an individual, is a resident of the State of Texas. This Defendant may be served with process at 5300 County Road 424, Taylor, Texas 76574 or wherever she may be found. Service of said Defendant as described above may be affected by personal delivery.

## II.
## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

5. This court has personal jurisdiction over Defendants because they conduct business within the Southern District of Texas.

6. Venue of this proceeding is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) since one or more Defendants are residents of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

## III.
## CONDITIONS PRECEDENT

7. All conditions precedent have been performed, have occurred, or have otherwise been satisfied as required by applicable law.

## IV.
## FACTS

8. Plaintiff offers small businesses with a variety of financing options to secure working capital. On or about January 13, 2015, Plaintiff and Defendant Showroom Auto entered into a Merchant Sales Agreement (the "1st Agreement"), hereto attached as "Exhibit A". Defendant Wiley, who is the sole owner and shareholder of Defendant Showroom Auto, signed the 1st Agreement on behalf of Showroom Auto and also personally guaranteed the loan. The 1st Agreement provided that Plaintiff would pay Defendant Showroom Auto $150,000.00 in exchange for Plaintiff acquiring $202,500.00 in future accounts receivables from Defendant Showroom Auto.

9. Under the 1st Agreement, Defendant Showroom Auto agreed to deliver to Plaintiff, payments representing a daily percentage of certain sales (the "Daily Percentage").

10. The 1st Agreement states that "in any action for damages, Purchaser shall be entitled to damages equal to the Amount Sold less the amount received by [Plaintiff] from the Daily Percentage".

11. Defendant Wiley executed a personal guaranty relating to all amounts due from Showroom Auto to Plaintiff under the 1st Agreement.

12. Defendants have failed to make payments due under the 1st Agreement, since April 1, 2016, leaving an unpaid balance of $40,042.00, exclusive of attorney's fees, costs, interest, and any penalties for this loan.

13. On or about March 10, 2015, Plaintiff and Defendant Showroom Auto entered into an additional Merchant Sales Agreement (the "2nd Agreement"), hereto attached as "Exhibit B". Defendant Wiley, who is the sole owner and shareholder of Defendant Showroom Auto, signed the 2nd Agreement on behalf of Showroom Auto and also personally guaranteed the loan. The 2nd Agreement provided that Plaintiff would pay Defendant Showroom Auto $100,000.00 in exchange for Plaintiff acquiring $135,000.00 in future accounts receivables from Defendant Showroom Auto.

14. Under the 2nd Agreement, Defendant Showroom Auto agreed to deliver to Plaintiff, payments representing a daily percentage of certain sales (the "Daily Percentage").

15. The 2nd Agreement states that "in any action for damages, Purchaser shall be entitled to damages equal to the Amount Sold less the amount received by [Plaintiff] from the Daily Percentage".

16. Defendant Wiley executed a personal guaranty relating to all amounts due from

Showroom Auto to Plaintiff under the 2nd Agreement.

17.    Defendants have failed to make payments due under the 2nd Agreement, since April 1, 2016, leaving an unpaid balance of $43,670.00, exclusive of attorney's fees, costs, interest, and any penalties for this loan.

## V.
## CAUSES OF ACTION

**A.    Breach of Contract:**

18.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

19.    Plaintiff entered into a written Agreement with Defendant Showroom Auto. Plaintiff fully performed all of its obligations pursuant to the Agreement. Defendant Showroom Auto breached the Agreement. As a result of Defendants' breach, Plaintiff has incurred damages.

**B.    Quantum Meruit and Unjust Enrichment:**

20.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

21.    Plaintiff provided Defendants with $250,000.00, less a set-up fee. The Defendants accepted this money. The Defendants had reasonable notice that the Plaintiff expected compensation and/or reimbursement for this money.

## VI.
## DAMAGES

**A.    Actual Damages:**

22.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

4

23. Plaintiff has incurred actual damages in excess of the minimum jurisdictional limits of this court and seeks the recovery of same from Defendants.

B. **Attorney's Fees and Costs:**

24. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

25. Plaintiff has retained the law firm of Garcia-Martin & Martin, P.C. to represent it in this action and has agreed to pay the firm reasonable and necessary attorney's fees and costs incurred in connection with pursuing these claims. Plaintiff requests an award of such reasonable and necessary attorney's fees pursuant to Chapter 38, Tex. Civ. Prac. & Rem. Code.

C. **Pre-Judgment and Post-Judgment Interest:**

26. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

27. Plaintiff is entitled to and hereby requests pre-judgment and post-judgment interest at the highest legal or contractual rate allowed by law in connection with pursuing these claims.

## VII.
## PRAYER

WHEREFORE, Plaintiff World Global Financing Inc. prays that Defendants Showroom Auto Sales, Inc. and Jann Wiley be cited to appear and answer and that after final trial hereof, this Court grant judgment in favor of Plaintiff World Global Financing Inc. and against Defendants Showroom Auto Sales, Inc. and Jann Wiley as follows:

  a. all actual damages incurred for Defendants' wrongful conduct as described above;

  b. for reasonable attorney's fees and costs incurred herein;

c. for pre-judgment and post-judgment interest at the highest legal or contractual rate allowed by law;

d. Defendants be held jointly and severally liable; and

e. for such other and further relief, at law or in equity, as the Court deems just.

Respectfully submitted,

**GARCIA-MARTIN & MARTIN, P.C.**

By: /s/ Lionel Martin
Lionel Martin
Texas State Bar No. 24037032
Federal I.D. No. 31342
Lmartin@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel: (281) 277-3066
Fax: (281) 277-3067

*Attorneys for Plaintiff, World Global Financing Inc.*

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com
Karl R. Taylor
Federal I.D. No. 2629801
Texas State Bar No. 24070941
Karl@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel:  (281) 277-3066
Fax: (281) 277-3067